## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHRISTY, INC., | |
| Plaintiff, | No. 18-657 C |
| v. | |
| THE UNITED STATES, | Judge Margaret M. Sweeney |
| Defendant. | |

## MOTION OF THE UNITED STATES TO DISMISS

CHAD A. READLER
Acting Assistant Attorney General

GARY L. HAUSKEN
Director

Of Counsel:
ANDREW W. LAMB
Department of Justice

JENNA E. MUNNELLY
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

*Attorneys for the United States*

Dated:  July 9, 2018

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

STATEMENT OF THE CASE........................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.      Standard of Review.................................................................................... 2

           A.     RCFC 12(b)(1) ................................................................................. 2

           B.     RCFC 12(b)(6) ................................................................................. 3

           C.     RCFC 8 and RCFC 12(f) ............................................................... 3

    II.     Christy's claims do not fall within any of the narrow categories for which sovereign immunity has been waived. .................................................... 4

    III.   Count I of the Complaint should be dismissed because patent invalidation pursuant to the IPR process is not a taking under the Fifth Amendment. .............. 5

           A.     Christy's claim is really an appeal of the Board's decision........................ 5

           B.     Christy lacks a property right within the meaning of the Takings Clause.. 6

           C.     The Takings Clause is inapplicable because Christy's patent was not "taken for public use." ............................................................................. 8

    IV.   Counts II through IV of the Complaint should be dismissed because the grant of a patent does not create a contract and the Complaint fails to adequately allege any contract or breach.................................................................................... 9

           A.     The issuance of a patent does not create a contract. ................................ 10

           B.     The Complaint fails to adequately allege a contract or any breach of contract........................................................................................................ 12

                 1.     The Complaint fails to adequately allege all of the elements of a contract..................................................................................... 12

                 2.     The Complaint fails to adequately allege any breach of the purported contract. ...................................................................... 15

    V.     Counts II through IV of the Complaint fail to identify a source of law that is money-mandating. ................................................................................. 16

    VI.   Count V of the Complaint should be dismissed because the Court does not have jurisdiction over unjust enrichment claims. .......................................... 17

    VII.  Count VI of the Complaint does not set forth a cognizable exaction claim. ........ 18

           A.     Christy fails to establish a nexus between the fees it paid and the action of the USPTO. ........................................................................................... 19

           B.     The only specific statutes alleged to have been violated are not money mandating.................................................................................................. 20

           C.     There is a statutory and regulatory scheme for refund of fees paid.......... 21

VIII.    The Complaint is unnecessary prolix and fails to comply with Rule 8. ............... 22

CONCLUSION ........................................................................................................................ 23

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Abbott v. United States,*
　　47 Fed. Cl. 582 (Fed. Cl. 2000) ........................................................................ 3

*Adams v. United States,*
　　391 F.3d 112 (Fed. Cir. 2004) ..................................................................... 6, 7

*Aerolineas Argentinas v. United States,*
　　77 F.3d 1564 (Fed. Cir. 1996) ........................................................................ 18

*Anderson v. United States,*
　　344 F.3d 1343 (Fed. Cir. 2003) ................................................................ 13, 14

*Application of Yardley,*
　　934 F.2d 1389 (C.C.P.A. 1974) ................................................................ 10, 12

*Ashcroft v. Iqbal,*
　　556 U.S. 662 (2009) ........................................................................ 3, 8, 12, 15

*AstraZeneca Pharm. PL v. Apotex Corp.,*
　　669 F.3d 1370 (Fed. Cir. 2012) ............................................................ 2, 3, 6, 19

*Bell Atlantic Corp. v. Twombly,*
　　550 U.S. 544 (2007) ...................................................................................... 3, 4

*Booth v. United States,*
　　990 F.2d 617 (Fed. Cir. 1993) ......................................................................... 4

*Bradley v. Chiron Corp.,*
　　136 F.3d 1317 (Fed. Cir. 1998) ...................................................................... 4

*Bromley Contr. Co. v. United States,*
　　14 Cl. Ct. 69 (Cl. Ct. 1987) .......................................................................... 14

*Chevron U.S.A., Inc. v. United States,*
　　71 Fed. Cl. 236 (Fed. Cl. 2006) ..................................................................... 19

*Constant v. United States,*
　　929 F.2d 654 (Fed. Cir. 1991) ................................................................. 11, 12

*Constant v. United States,*
　　No. 88-1426, 1988 WL 94630 (Fed. Cir. Sept. 13, 1988) ......................... 10, 11, 12

iii

*D&N Bank v. United States*,
    331 F.3d 1374 (Fed. Cir. 2003) ............................................................. 13, 14, 15

*Doe v. United States*,
    100 F.3d 1576 (Fed. Cir. 1996) ............................................................. 14

*eVideo Owners v. United States*,
    126 Fed. Cl. 95 (Fed. Cl. 2016) ............................................................. 18, 19, 20

*Ferreiro v. United States*,
    72 Fed. Cl. 1 (Fed. Cl. 2006) ............................................................. 17

*Florida Prepaid Postsecondary Ed. Expense Bd. v. College Savings Bank*,
    257 U.S. 627 (1999) ............................................................. 6, 7

*Forest Glen Props., LLC v. United States*,
    79 Fed. Cl. 669 (Fed. Cl. 2007) ............................................................. 2

*Gregory v. United States*,
    37 Fed. Cl. 388 (Fed. Cl. 1997) ............................................................. 3

*Hanlin v. United States*,
    316 F.3d 1325 (Fed. Cir. 2003) ............................................................. 12

*Hardie v. United States*,
    367 F.3d 1228 (Fed. Cir. 2004) ............................................................. 2

*Highway Equip. Co. v. FECO, Ltd.*,
    469 F.3d 1027 (Fed. Cir. 2006) ............................................................. 10

*Holley v. United States*,
    124 F.3d 1462 (Fed. Cir. 1997) ............................................................. 4

*Holmes v. United States*,
    675 F.3d 1303 (Fed. Cir. 2011) ............................................................. 15, 17

*In re Patent No. 7,061,177*,
    2006 WL 4559506 (Comm'r 2006) ............................................................. 21

*Ins. Co. of the West v. United States*,
    243 F.3d 1367 (Fed. Cir. 2001) ............................................................. 4

*James v. Campbell*,
    104 U.S. 356 (1882) ............................................................. 6, 7

*Jarvis v. United States*,
    43 Fed. Cl. 529 (Fed. Cl. 1999) ....................................................... 17

*Keehn v. United States*,
    110 Fed. Cl. 306 (Fed. Cl. 2013) ................................................... 6, 20

*Kelo v. City of New London, Connecticut*,
    545 U.S. 469 (2005) ..................................................................... 8, 9

*Krantz v. Olin*,
    356 F.2d 1016 (C.C.P.A. 1996) ......................................................... 10

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995) ..................................................... 10, 12

*Microsoft Corp. v. i4i Ltd. Partnership*,
    564 U.S. 91 (2011) ......................................................................... 15

*Norman v. United States*,
    429 F.3d 1081 (Fed. Cir. 2005) ................................................. 18, 19

*Oil States Energy Servs. LLC v. Greene's Energy Grp., LLC*,
    138 S. Ct. 1364 (2018) ................................................................. 7, 8

*Palazzolo v. Rhode Island*,
    533 U.S. 606 (2001) ......................................................................... 6

*Perez v. United States*,
    156 F.3d 1366 (Fed. Cir. 1998) ......................................................... 3

*Radio Corp. of Am. v. Radio Engineering Labs., Inc.*,
    293 U.S. 1 (1934) ........................................................................... 15

*RHI Holdings, Inc. v. United States*,
    142 F.3d 1459 (Fed. Cir. 1998) ......................................................... 4

*Rick's Mushroom Serv., Inc. v. United States*,
    521 F.3d 1338 (Fed. Cir. 2008) ................................................. 15, 17

*Rinaldi v. United States*,
    30 Fed. Cl. 164 (Fed. Cl. 1993) ................................................. 13, 14

*Salhuddin v. Cuomo*,
    861 F.2d 40 (2d Cir. 1988) ............................................................. 22

*Sanders v. United States*,
　252 F.3d 1329 (Fed. Cir. 2001) .................................................................... 15

*Scott Timber Co. v. United States*,
　692 F.3d 1365 (Fed. Cir. 2012) ............................................................... 11, 12

*Sheridan v. United States*,
　120 Fed. Cl. 127 (Fed. Cl. 2015) .................................................................. 2

*Suttles v. Office of Pers. Mgmt.*,
　No. 98-3183, 1998 WL 537763 (Fed. Cir. Aug. 10, 1998) ................................. 2, 19

*Taylor v. United States Patent and Trademark Office*,
　385 F.App'x 980 (Fed. Cir. 2010) ................................................................ 21

*Trauma Serv. Grp. v. United States*,
　104 F.3d 1321 (Fed. Cir. 1997) .................................................................. 14

*United States v. Bormes*,
　133 S. Ct. 12 (2012) ................................................................................ 21

*United States v. Navajo Nation*,
　556 U.S. 287 (2008) ............................................................................ 15, 20

*Wilson ex rel. Estate of Wilson v. United States*,
　405 F.3d 1002 (Fed. Cir. 2005) .................................................................. 21

*Zoltek Corp. v. United States*,
　442 F.3d 1345 (Fed. Cir. 2006) .................................................................... 6

*8x8, Inc. v United States*,
　854 F.3d 1376 (Fed. Cir. 2017) .................................................................. 17

## Constitutional Provisions and Statutes

5 U.S.C. § 704 ........................................................................................ 22

28 U.S.C. § 1491 ..................................................................................... 4

35 U.S.C. § 41 ...................................................................................... 20

35 U.S.C. § 42 ...................................................................................... 20

35 U.S.C. § 102 ...................................................................................... 9

35 U.S.C. § 103 ...................................................................................... 9

35 U.S.C. § 141 .................................................................................. 5, 8

35 U.S.C. § 282 ............................................................................... passim

35 U.S.C. § 283 ................................................................................................................ 21

35 U.S.C. § 311 .................................................................................................................. 9

35 U.S.C. § 319 .................................................................................................................. 5

U.S. Const. amend. V ..................................................................................................... 6, 8


**<u>Rules and Regulations</u>**

RCFC 8 ...................................................................................................................... 3, 4, 22

RCFC 12(b)(1) ............................................................................................................... 1, 2

RCFC 12(b)(6) ....................................................................................................... 1, 3, 8, 12

RCFC 12(f) .............................................................................................................. 1, 3, 4, 22

37 C.F.R § 1.26 ................................................................................................................ 21

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHRISTY, INC., | |
| Plaintiff, | No. 18-657 C |
| v. | |
| THE UNITED STATES, | Judge Margaret M. Sweeney |
| Defendant. | |

## MOTION OF THE UNITED STATES TO DISMISS

The United States (the government), by its undersigned attorneys, hereby moves to dismiss the Compliant of Christy, Inc., filed on May 9, 2018.  The Complaint should be dismissed for two reasons.  First, the Complaint should be dismissed for lack of jurisdiction under Rule 12(b)(1) of the United States Court of Federal Claims (RCFC).  Second, the Complaint should be dismissed for failure to state a claim upon which relief can be granted, under Rule 12(b)(6) of the RCFC.  Additionally, in the alternative, the government moves to strike portions of the Complaint under Rule 12(f) of the RCFC.

## STATEMENT OF THE CASE

It its Complaint, Christy alleges a class action suit against the United States Patent and Trademark Office (USPTO).[1]  Christy alleges that the issuance of its patent constituted a contract between it and the government.  Compl. ¶ 13.  Further, Christy alleges that the invalidation of its patent after an Inter Parties Review (IPR) was a breach of that contract such that the government is required to refund the fees Christy paid.  Compl. ¶¶ 13, 54-76.  Still further, Christy claims

---

[1] The government anticipates challenging the certification of a class action and for purposes of this Motion will treat Christy as the sole plaintiff.

1

that the invalidation of its patent without repayment constitutes a takings under the Fifth

Amendment.  Compl. ¶ 1.

Christy is the owner of United States Patent Number 7,082,640, issued on August 1,

2006.  Compl. ¶ 54.  As required by 35 U.S.C. § 41, Christy paid the issuance fee and the three

maintenance fees.  Compl. ¶¶ 58, 61-63, Ex. J.  On December 19, 2014, two petitions for an IPR

of the claims of Christy patent were initiated.  Compl. ¶¶ 67, 71.  On June 24, 2015, the IPR

petitions were granted by the Patent Trial and Appeals Board (Board).  Compl. ¶¶ 68, 72.  On

June 17, 2016, the Board issued its final written decision, rendering all claims of Christy's patent

invalid.  Compl. ¶¶ 69-70, 73-74.

## ARGUMENT

### I.  Standard of Review

#### A.  RCFC 12(b)(1)

In accordance with RCFC 12(b)(1), subject-matter jurisdiction "must be established by

the plaintiff at the onset of any case before the Court proceeds to the merits of the action."

*Sheridan v. United States*, 120 Fed. Cl. 127, 129 (Fed. Cl. 2015) (citing *Hardie v. United States*,

367 F.3d 1228, 1290 (Fed. Cir. 2004)).  When ruling on a motion to dismiss for lack of subject

matter jurisdiction, the Court ordinarily accepts as true all of the non-movant's factual

allegations.  *Forest Glen Props., LLC v. United States*, 79 Fed. Cl. 669, 676 (2007).  Where a

complaint's allegations are frivolous, the court may find subject matter jurisdiction lacking.  *Id.*

at 676 n. 17.  Additionally, an alleged basis of jurisdiction cannot be conclusory.  Conclusory,

vague, or speculative allegations merit no weight.  *See AstraZeneca Pharm. PL v. Apotex Corp.*,

669 F.3d 1370, 1376 (Fed. Cir. 2012) ("accepting as true" only "non-conclusory allegations of

fact"); *Suttles v. Office of Pers. Mgmt.*, No. 98-3183, 1998 WL 537763, at *1 (Fed. Cir. Aug. 10,

1998) (requiring non-frivolous, non-conclusory allegations of specified fact).  The allegations in

Christy's Complaint fail to demonstrate that the claims fall within the subject matter of this

Court.

### B.    RCFC 12(b)(6)

Under RCFC 12(b)(6), the Court may dismiss a cause of action if it fails to state a claim

upon which relief may be granted.  "A motion to dismiss under Rule [12(b)(6)] for failure to

state a claim upon which relief may be granted is appropriate when the facts asserted by the

claimant do not under the law entitle him to a remedy."  *Perez v. United States*, 156 F.3d 1366,

1370 (Fed. Cir. 1998).  When adjudicating a RCFDC 12(b)(6) motion to dismiss, the Court

construes the complaint in the light most favorable to the non-moving party and accepts as true

all well-pled factual allegations.  *See Gregory v. United* States, 37 Fed. Cl. 388, 392 (1997);

*Abbott v. United States*, 47 Fed. Cl. 582, 584 (Fed. Cl. 2000).  The factual allegations in the

Complaint must be enough to raise a right to relief above the speculative level, and need to state

a claim of relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

570 (2007).  Moreover, while detailed factual allegations are not required, the "plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions."  *Id.* at 555; s*ee also AstraZeneca Pharm.*, 669 F.3d at 1376 ("accepting as true"

only "non-conclusory allegations of fact").  The Court should not find the complaint sufficient

"if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*,

556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 557).  Christy's Complaint fails to

satisfy these standards and therefore does not state a claim upon which relief may be granted.

### C.    RCFC 8 and RCFC 12(f)

RCFC 8(a) requires a plaintiff to state in the compliant "a short and plain statement of the

3

claim showing that the pleader is entitled to relief."  RCFC 8(a)(2); *see also Twombly*, 550 U.S. at 555.  RCFC 8(d) requires that "each allegation must be simple, concise, and direct."  RCFC 8(d)(1).  A complaint "must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed."  *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997).  "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim."  *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998).  Here, Christy's Complaint is unnecessarily prolix and fails to conform to RCFC 8, and under RCFC 12(f) the Court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

## II.   Christy's claims do not fall within any of the narrow categories for which sovereign immunity has been waived.

The Court lacks subject matter jurisdiction over all of Christy's claims because the United States has not waived its sovereign immunity.  The United States is immune from suit unless it has waived its immunity.  *Ins. Co. of the West v. United States*, 243 F.3d 1367, 1372 (Fed. Cir. 2001).  Sovereign immunity is a jurisdictional bar if the United States has not consented to be sued on a particular claim.  *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998).  The plaintiff bears the burden of demonstrating a waiver of immunity.  *Booth v. United States*, 990 F.2d 617, 619 (Fed. Cir. 1993).  Christy has failed to do so.

Christy contends that "[t]his Court has jurisdiction over this action . . . pursuant to 28 U.S.C. § 1491(a)(1) (the "Tucker Act")," averring that its claims are "founded upon (1) express or implied contract claims to which the United States is a party (2) Takings Clause of the Fifth Amendment, and (3) a Violation of Due Process (exaction)."  Compl. ¶ 18.  Christy argues that the express or implied contract is "the agreement by the government to issue a patent" and upon breach of said contract the government retaining the fees Christy paid constitute a takings under

4

the Fifth Amendment and/or an exaction.  Compl. ¶ 20.  Taken as true for purposes of this

Motion, the allegations in the Complaint do not establish as cause of action for which the United

States has waived sovereign immunity under the Tucker Act because, as detailed below, the

issuance of a patent does not create an express or implied contract and the cited regulations and

statutory provisions do not mandate monetary compensation.

### III.    Count I of the Complaint should be dismissed because patent invalidation pursuant to the IPR process is not a taking under the Fifth Amendment.

Count I of the Complaint alleges the taking of property without just compensation.  *See*

Compl. ¶¶ 94-107.  Christy alleges that its patent is a recognized "property right" and the

invalidation of it deprived Christy "of the value of the patented technologies, which includes

expected royalties and other payments related to use of the patents, [its] investments in the

patented technologies, the issuance and maintenance fees, and the attorney fees spent in

defending the PGP processes that invalidated the claims."  Compl. ¶ 100.  Even if the facts of

Count I are taken as true, this Court lacks jurisdiction to hear Count I of the Complaint and

Christy has failed to state a claim upon which relief may be granted.

### A.    Christy's claim is really an appeal of the Board's decision.

Christy has stylized its claim as a takings but in actuality its cause of action is that it

disagrees with the Board's final written decision.  *See* Compl. ¶¶ 67-74.  And there is a statutory

scheme in which Christy may appeal the Board's decision.  *See* 35 U.S.C. § 319 ("A party

dissatisfied with the final written decision of the Patent Trial and Appeal Board . . . may appeal

the decision pursuant to section 141 through 144."); *see also* 35 U.S.C. § 141(c) ("A party to an

inter partes review . . . who is dissatisfied with the final written decision of the Patent Trial and

Appeal Board . . . may appeal the Board's decision only to the United States Court of Appeals

for the Federal Circuit.").  Therefore, 35 U.S.C. § 141, not the Takings Clause, provides

jurisdiction for Christy claim and that jurisdiction lies solely with the Federal Circuit.

Christy is attempting to create jurisdiction simply by alleging a takings. However, when jurisdiction is established elsewhere, a plaintiff cannot "get around" the waiver of sovereign immunity. *See* e.g., *Keehn v. United States*, 110 Fed. Cl. 306, 321 (Fed. Cl. 2013) ("It is 28 U.S.C. § 1498(a), not the Fifth Amendment to the United States Constitution, that provides the waiver of sovereign immunity that enables a plaintiff to file suit against the government for patent infringement."); *see also Zoltek Corp. v. United States*, 442 F.3d 1345, 1350-53 (Fed. Cir. 2006) (per curium), *vacated on other grounds*, 672 F.3d 1309 (Fed. Cir. 2012) (en banc). Christy cannot create jurisdiction, and bypass the established statutory scheme, simply by labeling its cause of action as a takings. *See AstraZeneca Pharm.*, 669 F.3d at 1376 ("accepting as true" only "non-conclusory allegations of fact").

> ### B. Christy lacks a property right within the meaning of the Takings Clause.

Even if the Court finds it has jurisdiction to hear Christy's takings claim, Christy has failed to assert a claim upon which relief can be granted. "The Takings Clause of the Fifth Amendment . . . prohibits the government from taking private property for public use without just compensation." *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001); *see also* U.S. Const. amend. V. However, neither the Supreme Court, the Federal Circuit, nor this Court has ever held that government action to revoke or terminate patent rights results in a "taking" under the Takings Clause.

In its Complaint, Christy asserts that patents are property under the Takings Clause and relies on three cases: *James v. Campbell*; *Florida Prepaid Postsecondary Ed. Expense Bd. v. College Savings Bank*; and *Adams v. United States*. *See* Compl. ¶¶ 97, 99. Christy's reliance is misplaced however as none of these cases specifically hold that a patent is a property right that is

subject to the Takings Clause.  In *James*, the court referenced, but never decided whether a patentee could seek compensation from the government for a taking of its patent rights.  *See James v. Campbell*, 104 U.S. 356, 375-83, 358-59 (1882).  In *Florida Prepaid*, the court stated that patents are property for purposes of the Due Process Clauses of the Fifth and Fourteen Amendments, but did not make a determination as to the Takings Clause.  *See Florida Prepaid Postsecondary Ed. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 641-42 n. 7 (1999) ("[patents] are surely included within the 'property' of which no person may be deprived by a State without due process of law.").  Lastly, in *Adam*, the court makes reference to intellectual property when detailing what does and does not constitute property for the purposes of the Takings Clause, however, the "property interest" at issue was an overtime fund, not a patent, and the court's passing reference to intellectual property was purely a possible example of what may constitute property but had no basis on the holding of the case.  *See Adams v. United States*, 391 F.3d 1212, 1224 (Fed. Cir. 2004).

Christy also makes passing reference to the Supreme Court's recent decision in *Oil States Energy Services LLC v. Greene's Energy Group, LLC*.  *See* Compl. ¶ 53.  In *Oil States*, the Supreme Court held the IPR process is constitutional, but highlighted its narrow holding, "our decision should not be misconstrued as suggesting that patents are not property for purposes of the Due Process Clause or the Takings Clause," because such issues were not raised.  *Oil States Energy Servs. LLC v. Greene's Energy Grp., LLC,* 138 S. Ct. 1365, 1379 (2018).  Therefore, the Supreme Court made no determination as to what government actions, if any, may constitute a compensable "taking."

*Oil States* does however support the conclusion that this Court lacks jurisdiction to hear Christy's claims because "the decision to grant a patent is a matter involving public rights –

specifically, the grant of a public franchise.  Inter partes review is simply the reconsideration of that grant, and Congress has permissibly reserved the PTO's authority to conduct that reconsideration."  *Id.* at 1373.  "[T]he determination to grant a patent is a matte[r] involving public rights.  It need not be adjudicated in Article III court.  Inter partes review involves the same basic matter as the grant of a patent.  So it, too, falls on the public-right side of the line." *Id.* at 1374 (internal citations and quotations omitted).  And, as discussed above, an appeal of an IPR determination is pursuant to 35 U.S.C. § 141, and does not result in a taking of property under the Takings Clause.  The IPR process is part of an administrative process that was created over many decades with a purpose to "reconsider and cancel patent claims that were wrongly issued."  *Oil States*, 138 S. Ct. at 1370.  An IPR reconsiders the grant of a patent and applies to all patents, not only to a specific scientific field.  Additionally, after an IPR, the patent is not taken or licensed by the government, rather if found to be invalid, the patent no longer exists; i.e. it is no longer property.

Christy has not shown that its patent is property under the Takings Clause and its unfounded conclusion that it is need not be taken as true because the RCFC 12(b)(6) assumption "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.

### C.    The Takings Clause is inapplicable because Christy's patent was not "taken for public use."

Christy's takings claim additionally fails to state a claim upon which relief may be granted because the requirements of the Taking Clause have not been met.  In order to receive just compensation under the Takings Clause, the property must be taken for a public purpose; i.e. "use by the public is the purpose of the taking."  *Kelo v. City of New London, Connecticut*, 545 U.S. 469, 477 (2005) (internal quotation omitted); *see also* U.S. Const. amend. V.  Christy alleges its patent was taken for "public use" because "Defendant's actions in the PGP process put

those inventions into the public use/the public domain upon invalidation of those claims."

Compl. ¶ 100.  This allegation is contrary to the IPR statute and does not amount to "public use"

under the Takings Clause.

The purpose of the alleged taking, the invalidation of Christy's patent, was not for use by

the public.  The IPR process is a reconsideration of the grant of a patent and, under 35 U.S.C.

§ 311, the grounds that may be used to "cancel as unpatentable 1 or more claim of a patent" are

"section 102 [and] 103 and only on the basis of prior art consisting of patents or printed

publications."  35 U.S.C. § 311(b).  Therefore, the IPR process does not "put those inventions

into the public use/the public domain."  *See Kelo*, 545 U.S. at 477.  Rather, prior art, which is

already in the public domain, is used as a basis to determine whether the patent should not have

been granted and should be canceled.  The Board's determination to invalidate all claims of

Christy's patent in effect destroyed the patent and therefore there is nothing to take for a public

purpose.

Count I of the Complaint should be dismissed because this Court lacks jurisdiction to

hear it and Christy has failed to state a claim upon which relief may be granted.

**IV.     Counts II through IV of the Complaint should be dismissed because the grant of a patent does not create a contract and the Complaint fails to adequately allege any contract or breach.**

In its Compliant, Christy alleges that the grant of a patent constitutes a contract been the

patent owner and the government.  However, Counts II through IV fail to state a claim upon

which relief can be granted.  All these counts rely on the same mistaken legal conclusion—*i.e.*,

that the patenting process creates a contract, express or implied-in-fact, between the patent

recipient and the government.  That conclusion is squarely contradicted by Federal Circuit

precedent.  Moreover, even if patenting could create such a contract, these counts still fail to

9

state a claim, because the Complaint does not adequately allege all the elements of a contract or the breach of a contract.  Therefore, Counts II through IV should be dismissed.

### A.  The issuance of a patent does not create a contract.

Counts II through IV of the Complaint all rely on the same mistaken legal conclusion that the patent process creates a contract between patentees and the government.  Federal Circuit precedent is clear: "A patent is not a contract." *Application of Yardley*, 493 F.2d 1389, 1395 (C.C.P.A. 1974), *followed by Constant v. United States*, No. 88-1426, 1988 WL 94630, at *1 (Fed. Cir. Sept. 13, 1988) (unpublished), *cert. denied*, 109 S. Ct. 789.  Patents are "not contracts per se," and contracts offer only imperfect analogies to patents.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 984-87 (Fed. Cir. 1995) (en banc) (critiquing "analogy of a patent to a contract"), *aff'd* 517 U.S. 370 (1996); *see also Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1038 (Fed. Cir. 2006) ("The facts alleged in the federal counts involved *not a contract, but a patent . . . .*") (emphasis added).  A patent case thus "is not a contract case . . . notwithstanding the popular myth that a patent is a contract."  *Krantz v. Olin*, 356 F.2d 1016, 1020 (C.C.P.A. 1966).

More generally, the patenting process is not a contracting process, as the Federal Circuit has also explained:

> [A]n applicant for a patent . . . is not negotiating a contract with the Government.  Rather, he is applying for a grant in accordance with a statute under which the right to a patent depends on compliance with statutory terms and conditions.  The prosecution of an application is not bargaining but a process of demonstration and persuasion that the statute has been complied with.

*Krantz*, 356 F.2d at 1020; *see also Constant*, No. 88-1426, 1988 WL 94630 at *1 ("[P]recedents . . . hold[] that the issuance of a patent by the United States Patent and Trademark Office (PTO) does not create a contractual relationship between the PTO and the patentee.") (internal citations omitted).

This precedent led the Federal Circuit to reject as "frivolous" an appeal based on a theory *nearly identical to the contract theory in Counts II through IV*. *See Constant*, No. 88-1426, 1988 WL 94630 at *1. The Federal Circuit rejected, specifically, the theory "that the government had breached 'patent grant contracts' by issuing . . . patents containing defects for which [the patents] were later held invalid." *See Constant v. United States*, 929 F.2d 654, 656 (Fed. Cir. 1991) (describing prior unpublished Federal Circuit decision), *cert. denied*, 111 S. Ct. 2799. The appellant had alleged, as Christy alleges in Counts II through IV, that the patents at issue were contracts that had been breached when invalidated. *See Constant*, 929 F.2d at 656. The *Constant* court sanctioned the appellant, although *pro se*, in a second appeal about the "'patent grant' contract claim," which the court again said "was untenable as a matter of law." *Id.* at 657-59.

Christy's contract theory, supporting Counts II through IV, should thus be rejected. Its theory alleges that patents are contracts or that the ordinary patenting process creates contracts. The Complaint offers no other basis for concluding that any contract exists. Count II asserts that "[t]he Patent Certificate memorializes the terms of [this] contract," so that patent issuance and certification create an express contract. *See* Compl. ¶ 111. Count III offers essentially the same idea, except that it alleges that the certificate "memorializes the terms of [an] implied contract," not an express contract. *See* Compl. ¶ 127. Count IV then relies on "a contract (express or, alternatively, implied) as set forth in Counts II and III," *see* Compl. ¶ 142, to allege an implied duty of good faith and fair dealing, *see id.* ¶¶ 140-50—which would not exist without a contract. *See Scott Timber Co. v. United States*, 692 F.3d 1365, 1372 (Fed. Cir. 2012). These three counts all rely on some such contract to allege that, by invalidating patents, the United States breached express contracts (Count II) or implied contracts (Count III) and the duty of good faith and fair

dealing (Count IV).  As the Federal Circuit has made clear, however, patenting creates no

contract.  *See, e.g.*, *Constant*, 929 F.2d at 656; *Constant*, No. 88-1426, 1988 WL 94630 at *1.

These counts cannot be saved by the assumption, for RCFC 12(b)(6) motions, that a

complaint's factual allegations are true, because that assumption "is inapplicable to legal

conclusions."  *Iqbal*, 556 U.S. at 678.  That includes the conclusion that patenting creates

contracts.  By law in the Federal Circuit, patents are not contracts and the patenting process

creates no contract, express or implied-in-fact.  *See, e.g.*, *Markman*, 52 F.3d at 985; *Constant*,

929 F.2d at 657, *cert. denied*, 111 S. Ct. 2799; *Constant*, No. 88-1426, 1988 WL 94630 at *1,

*cert. denied*, 109 S. Ct. 789; *Application of Yardley*, 493 F.2d at 1395.  As the complaint alleges

no basis for the existence of any contract other than the ordinary patenting process, Counts II

through IV fail to allege adequately any contract and so cannot allege any breach of contract or

of the contract-based duty of good faith and fair dealing.

### B.     The Complaint fails to adequately allege a contract or any breach of contract.

Even if the patenting process might, of itself, create a contract (and it does not), Counts II

through IV would still state no claim, because: (1) the complaint does not allege all the elements

of any contract, and (2) the complaint does not adequately allege any breach.

### 1.     The Complaint fails to adequately allege all of the elements of a contract.

The Complaint does not adequately allege all the elements of any contract.  The elements

of a contract with the United States are "the same" for express contracts (Count II) and implied-

in-fact contracts (Count III), *see Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003)—

at least one of which is needed for any duty of good faith and fair dealing (Count IV).  *See Scott

Timber Co.*, 692 F.3d at 1372.  The elements are: "(1) mutuality of intent to contract; (2) lack of

ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in contract." *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003).  At least the first and last elements are not adequately alleged here.

First, the Complaint does not adequately allege any mutual intent to contract through the patenting process, because it does not adequately allege any such intent by the government.  An adequate allegation would identify "an objective manifestation" of such intent.  *See Anderson*, 344 F.3d at 1353; *see also Rinaldi v. United States*, 30 Fed. Cl. 164, 165, 167 (Fed. Cl. 1993) (dismissing complaint, for failure to state breach-of-contract claim, partly because complaint did not allege conduct by I.R.S. "manifesting an intent to contract" in accepting tax payments). Alleging "[a]n agency's performance of its regulatory or sovereign functions" cannot suffice, because such performance "does not create contractual obligations."  *See D&N Bank v. United States*, 331 F.3d 1374, 1378-79 (Fed. Cir. 2003) (addressing government approval of a merger). In general, performing duties "consistent with the regulatory [or sovereign] function . . . says nothing about" the government or its "agency [acting] as an independent contracting body without further evidence."  *See id.* at 1380.  A government official thus manifests no intent to contract by approving a merger, *see id.* at 1378-80, for example, just as a local official manifests no intent to contract by granting a driver's license.  In performing such duties, the official simply declares that an applicant has satisfied the relevant governing laws, regulations, or rules.  Counts II through IV allege, however, that the USPTO—just by performing statutory and regulatory duties—manifested an intent by the USPTO to contract with patentees.  *See, e.g.*, Compl. ¶ 111 (Count II alleging that simple issuance of "Notice of Allowance and Fee(s) constituted an intent to contract between USPTO and Plaintiff"); *id.* ¶ 127 (Count III alleging same); *id.* ¶ 142 (Count IV asserting reliance on contracting alleged in Counts II and III).  Such allegations cannot

suffice.  *See D&N Bank*, 331 F.3d at 1378-80; *Anderson*, 344 F.3d at 1353; *Rinaldi*, 30 Fed. Cl. at 165, 167.  Counts II through IV thus fail to allege adequately any basis for inferring that the government intended to enter into any contract—an element required for the counts' contract-based breach claims.  *See Anderson*, 344 F.3d at 1353.

Second, the Complaint alleges no adequate basis for inferring that any government official involved in issuing patents had actual authority to contract for the government and, specifically, to commit the government contractually to never invalidating patents.  "Absent actual authority on the part of the Government's agent to bind the Government in contract, no binding contract can exist, regardless of the agent's representations."  *Doe v. United States,* 100 F.3d 1576, 1584 (Fed. Cir. 1996), *reh'g denied, en banc suggestion declined* (1997).  "[T]he doctrine of apparent authority does not apply to the federal government."  *Bromley Contr. Co. v. United States*, 14 Cl. Ct. 69, 79 (Cl. Ct. 1987) (citation omitted).  It was Christy's burden to allege in the Complaint "facts sufficient to show that the Government representative," who allegedly contracted, "was a contracting officer or had implied actual authority to bind the Government."  *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1327 (Fed. Cir. 1997) (affirming dismissal for failure to state a claim).  Christy did not do so.

Christy's Complaint asserts only in conclusory fashion that some unspecified "USPTO representative," who allegedly "entered into the contract" or "the implied contract" at issue, had the express or implied "actual authority to contractually bind the government."  *See* Compl. ¶¶ 113, 129.  That allegation identifies no USPTO representative and alleges no "facts sufficient to show that the . . . representative . . . was a contracting officer or had implied actual authority to bind the Government."  *See Trauma Serv. Grp.*, 104 F.3d at 1327-28 (affirming dismissal for failure to state a claim, based on failure to "identify any particular Government representative"

14

or "facts sufficient to show" contracting authority).  The Complaint also alleges no basis for

inferring that any official ever tried to exercise any contracting authority, instead of simply

performing non-contractual "regulatory or sovereign functions."  *See D&N Bank*, 331 F.3d at

1378-79.  The Complaint thus fails to allege adequately this element of a contract with the

government, which is needed for any breach alleged in Counts II through IV.

### 2.  The Complaint fails to adequately allege any breach of the purported contract.

Even if a "patent contract" could have existed and had been adequately alleged (which is

not the case), Christy also fails to allege any breach.  Christy acknowledge in its Complaint that

patents are, by statute, only *presumed* valid.  Compl. ¶ 30 (citing 35 U.S.C. § 282).  This means

that it is possible for patents to be invalidated.  *See* 35 U.S.C. § 282(a) ("The burden of

establishing invalidity of a patent or any claim thereof shall rest on the party asserting such

invalidity.").[2]  The Complaint, however, alleges breaches of contract and breaches of the duty of

good faith and fair dealing based solely on alleged patent invalidations.  *See, e.g.*, Compl. ¶ 119

(Count II: "[T]he PTAB's decision to invalidate . . . materially breached the terms of the contract

. . . ."); *id.* ¶ 135 (Count III: same allegation); *id.* ¶¶ 142, 148 (Count IV alleging contracts from

Counts II and III and resulting duty as breached "b[y] failing to maintain in force the . . . patent

claims" at issue).  That is simply an incorrect conclusion of law that should be rejected.  *See*

*Iqbal*, 556 U.S. at 678-80.  No invalidation (without more) could have breached any contract

---

[2] The presumption of validity, and with it the possibility of invalidation, predates by many years the America Invents Act (AIA), which allegedly established the proceedings in which the invalidations at issue occurred.  *See Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 101-02 (2011) (citing approvingly *Radio Corp. of Am. v. Radio Engineering Labs., Inc.*, 293 U.S. 1 (1934), as "tracing nearly a century of case law" on patent "presumption of validity") (internal quotation marks omitted); Compl. ¶¶ 1, 6-12, 67-76, 117-19, 133-35, 142-48 (alleging, including in Counts II through IV, AIA-established proceedings as invalidating patents at issue).

created, as Christy alleges, through the ordinary patenting process.  Invalidation is precisely what may happen to a patent granted through that process.  *See, e.g.*, 35 U.S.C. § 282.

For patent invalidation to breach the purported "patent contract," the contract would have to bar invalidation.  But the Complaint alleges no contract term forbidding invalidation, and it would be inconceivable that the government, in its ordinary issuance of patents, would agree to never to allow the invalidation of issued patents as allowed by statute.  *See* 35 U.S.C. § 282. Christy received what it expected: patents that were *presumed* valid.  Christy should not be allowed to use its opposition to the AIA to transform patents into "patent contracts" that forbid the government from following its own statutes.

## V.    Counts II through IV of the Complaint fail to identify a source of law that is money-mandating.

Even if Counts II though IV adequately alleged a contract so as to state a claim (and they do not), there would be no jurisdiction over these counts.  "The government's consent to suit under the Tucker Act does not extend to every contract."  *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).  For jurisdiction over a claim of breach of contract or breach of the duty of good faith and fair dealing, the contract at issue or some other "source of law" must "fairly be interpreted as mandating compensation by the Federal Government" for the breach.  *See United States v. Navajo Nation*, 556 U.S. 287, 290-91 (2009) (addressing "Indian Tucker Act," which incorporates "the (ordinary) Tucker Act" by reference).  Although "there is a presumption . . . that a damages remedy will be available upon the breach of an agreement," *Sanders v. United States*, 252 F.3d 1329, 1334 (Fed. Cir. 2001), that presumption does not apply where a contract "could involve purely nonmonetary relief."  *Holmes v. United States*, 657 F.3d 1303, 1315 (Fed. Cir. 2011).  Establishing jurisdiction over a claim for breaching such a contract "require[s] a demonstration" by the plaintiff that the contract, or some other source of law, can

16

"fairly be interpreted as contemplating money damages in the event of breach." *See Holmes*, 657 F.3d at 1315. That is true also for any claim asserting a breach of the duty of good faith and fair dealing for such contracts. That duty cannot establish "wholly new contract terms," *Jarvis v. United States*, 43 Fed. Cl. 529, 534 (1999), and so must likewise rely on the contract, or some other source of law, as fairly interpreted to be money-mandating.

Patents and the information essential to patenting do not mandate monetary relief from the government whenever patents are invalidated. Therefore, if there were any "patent contract" breached by invalidation, the breach could be corrected with "nonmonetary relief." *See Holmes*, 657 F.3d at 1315. To establish jurisdiction, Christy must thus identify a contract term "provid[ing] a substantive right to recover money-damages" for any invalidation or some other "money-mandating source of law." *See Rick's Mushroom Serv., Inc.*, 521 F.3d at 1343. The Complaint identifies no such contract term or source, and there is none.

### VI. Count V of the Complaint should be dismissed because the Court does not have jurisdiction over unjust enrichment claims.

There is no jurisdiction over Count V, which seeks relief for "unjust enrichment." Compl. ¶¶ 151-65 (alleging, at para. 164, that "Defendant was enriched without justification"). "[T]he Court of Federal Claims does not have jurisdiction over . . . unjust enrichment claims." *8x8, Inc. v. United States*, 854 F.3d 1376, 1383 n.7 (Fed. Cir. 2017) (citations omitted). Unjust enrichment claims are "implied-in-law contract claims" that demand "equity-based remedies," and this Court has no jurisdiction over such claims. *Ferreiro v. United States*, 72 Fed. Cl. 1, 5 n.3 (2006) (internal quotation marks and citations omitted). Count V must be dismissed.

Even if there were jurisdiction over Count V (and there is not), this count would need to be dismissed. The core allegations of Count V are that an implied-in-fact contract, created through patenting, was breached by patent invalidation—precisely as alleged in Count III—and

that, as a "result of . . . [that] breach," the government "was enriched without justification." *See* Compl. ¶¶ 154 & 158 (alleging creation of implied-in-fact contract); *id.* ¶¶ 162 & 164 (alleging breach causing unjust enrichment).  Count V thus essentially relies on allegations like those in Count III.  Even assuming jurisdiction over "unjust enrichment" claims, Count V would need to be dismissed for all the reasons stated above for dismissing Count III.

**VII.    Count VI of the Complaint does not set forth a cognizable exaction claim.**

Count VI of the Complaint fails to allege any facts demonstrating that the government improperly exacted or retained money from Christy.  "To assert a valid illegal exaction claim, plaintiffs must show that: (1) they '[h]ave paid money over to the government, directly or in effect;' (2) the exaction was directly caused by the misapplication of a provision of the Constitution, a statute or a regulation; and (3) the violated law provides for 'a return of [the] money unlawfully exacted.'"  *eVideo Owners v. United States*, 126 Fed. Cl. 95, 104 (2016) (citing *Norman v. United States*, 429 F.3d 1081, 1095-96 (Fed. Cir. 2005)).

As an initial matter, Christy's claims for "the value of investments made into the technology," "value of the right to exclude" and attorneys' fees "spent in defending the subject patent claims" cannot be pursued under an exaction theory.  While an exaction claim can extend beyond payments made directly to the government; it then must be based on payments made to others *at the direction of the government* to meet a government obligation.  *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573-74 (Fed. Cir. 1996); *see also eVideo Owners*, 126 Fed. Cl. at 106 ("It is well established that to allege a plausible claim of an illegal exaction in effect, plaintiffs must show either that the government requested the payment of these attorney's fees, or that the government benefitted from the payment of fees.").  Christy provides no explanation of how the theoretical value of its "investments," the value of its "right to

exclude" and payments made to its counsel were at the direction of the government or that the government benefited.  *Id.*

### A. Christy fails to establish a nexus between the fees it paid and the action of the USPTO.

As to the issuance fee and maintenance fees, as noted above, a viable exaction claim must allege a direct causal relationship between the alleged illegal action and the exaction.  *See Norman*, 429 F.3d at 1096; *see also eVideo Owners*, 126 Fed. Cl. at 106 ("Plaintiffs fail to establish that the Court possesses jurisdiction to consider their illegal exaction claim to recover official fees . . . because they do not show that the alleged misapplication of the USPTO's notice statute and its implementing regulation directly caused the illegal exaction.").  Although causation (or nexus) is ordinarily a fact question that cannot be addressed in a motion to dismiss, *see Chevron U.S.A., Inc. v. United States*, 71 Fed. Cl. 236, 278 (Fed. Cl. 2006), here, the alleged facts, presumed to be true, fail to establish any nexus.

Christy has failed to allege a direct relationship between the payment of its issuance fee and maintenance fees and the allegedly improper act of the Patent Office – adjudicating an IPR and finding the claims of Christy patent to be invalid.  Christy does not contend that the wrong fees were charged, or that the properly applied fees themselves were unconstitutional, in contravention of statue or regulation, or otherwise improper; rather, Christy simply states, the government "through the PTAB's decision to invalidate the claims of [Christy's] patent and neglecting to return the [fees] paid . . . has improperly exacted said fees."  Compl. ¶ 169. However, Christy provides no factual basis for this conclusion and fails to identify how the alleged misapplication of 35 U.S Code § 282 and the regulations pertaining to IPRs caused the exaction.  *See* Compl. ¶ 171; *see also AstraZeneca Pharm.*, 669 F.3d at 1376 ("accepting as true" only "non-conclusory allegations of fact"); *Suttles*, No. 98-3183, 1998 WL 537763, at *1

(requiring non-frivolous, non-conclusory allegations of specified fact).  No facts are alleged to

show a connection between Christy's payment of fees and the alleged improper actions of the

USPTO, thus jurisdiction does not lie in a claim for illegal exaction.

### B.   The only specific statutes alleged to have been violated are not money mandating.

As discussed above, the alleged violated law must provide for the return of the money

illegally exacted.  *See eVideo Owners*, 126 Fed. Cl. at 104.  Christy alleges that the "statutes

causing the exaction" are the AIA, the Patent Act, the Taking Clause of the Fifth Amendment,[3]

and 35 U.S.C. § 42.  Compl. ¶ 171.  However, no factual basis is alleged for how these statutes

were violated.  The broad references to the entire AIA and the entire Patent Act are insufficient

to inform the government of the exact violation.  It is also unclear how 35 U.S.C. § 42 has been

violated.  Section 42(d) states "[t]he Director may refund any fee paid by mistake or any amount

paid in excess of that required."   However, Christy is not alleging that the fees were paid by

mistake and Exhibit J of the Complaint shows that Christy paid only the amount required by 35

U.S.C. § 41.  The only somewhat specific allegation Christy makes is that the claims of its patent

were "presumed valid when granted and therefore their invalidation was done in contravention of

the Patent Act and 35 U.S Code § 282."  Compl. ¶ 171.

However, 35 U.S.C. § 282 does not mandate compensation if violated.  *See Keehn*, 110

Fed. Cl. at 321 ("To prove that a statute or regulation is money-mandating, a plaintiff must

demonstrate that an independent source of substantive law relied upon 'can fairly be interpreted

as mandating compensation by the Federal Government.'") (quoting *Navajo Nation*, 556 U.S. at

290).  "If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and

---

[3] The takings issue is detailed in Section III.

the dismissal should be for lack of subject matter jurisdiction." *Id.* (internal quotations and citations omitted).  35 U.S.C. § 282 states that "[a] patent shall be presumed valid," but does not provide for compensation.[4]  Christy has failed to allege a money-mandating statute and therefore Count VI of the Complaint must be dismissed.

### C.    There is a statutory and regulatory scheme for refund of fees paid.

The Court also lacks subject matter jurisdiction because the administration of fee refunds is entrusted to the USPTO.  The Federal Circuit has explained that "an illegal exaction claim may not be asserted in the Court of Federal Claims under the Tucker Act when Congress has expressly placed jurisdiction elsewhere," and that "a specific and comprehensive scheme for administrative and judicial review" preempts Tucker Act jurisdiction.  *Wilson ex rel. Estate of Wilson v. United States*, 405 F.3d 1002, 1009 (Fed. Cir. 2005) (citations and quotations omitted). "[W]hen a law assertedly imposing monetary liability on the United States contains its own juridical remedies . . . the specific remedial scheme establishes the exclusive framework for [liability]," and "the Tucker Act is displaced."  *United States v. Bormes*, 133 S. Ct. 12, 18 (2012).

Section 42(d) provides that fees can be returned to patent applicants if "paid by mistake" or in "excess of that required."  And, 37 C.F.R. § 1.26 provides the scheme and mechanism for requesting a refund of fees.  Decisions on fee disputes are reviewed pursuant to the Administrative Procedure Act (APA).  *See*, *e.g.*, *Taylor v. United States Patent and Trademark Office*, 385 F.App'x 980 (Fed. Cir. 2010); *see also In re Patent No. 7,061,177*, 2006 WL 4559506 (Comm'r Pat. 2006) (USPTO decision denying a request for refund of fees paid and

---

[4] 35 U.S.C. § 283 provides for compensation for claims of patent infringement, which is not alleged.

indicating the "decision may be regarded as a final agency action within the meaning of 5 U.S.C. § 704 for purposes of seeking judicial review."). The Tucker Act is displaced by these statutory and regulatory provisions. As a result, the Court does not have subject matter jurisdiction over claims that must be raised with the UPSTO and subject to review pursuant to APA procedures. Therefore, the Court must dismiss Count VI of the Complaint.

### VIII.   The Complaint is unnecessary prolix and fails to comply with Rule 8.

The purpose of a complaint is to allege the factual basis for a claim and put the opposing party on notice, not to expound on legal argument. The statement of a complaint "should be short because unnecessary prolixity in a pleading places and unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal citations and quotations omitted).

Christy's Complaint is a 54-page, without Exhibits, 175 numbered paragraph assessment of the United States patent system. Christy expounds on the history of the patent system including multiple lengthy quotations to various case law and other sources. *See* Compl. ¶¶ 2-12, 21-33, 38-53. The discussions under the headings "Nature of the Action," "Background Information," "The Nature and Purpose of Patents," and "The Genesis of Maintenance Fees" are largely unnecessary and fails to comply with RCFC 8. Under RCFC 12(f) the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The government requests that the Court order Christy to amend its Complaint to comply with Rule 8.

## CONCLUSION

For the reasons stated above, this Court lacks jurisdiction over Christy's claims and the

Complaint must be dismissed.

Respectfully submitted:

CHAD A. READLER
Acting Assistant Attorney General

GARY L. HAUSKEN
Director

Of Counsel:                                      s/ Jenna Munnelly
ANDREW W. LAMB                       JENNA MUNNELLY
Department of Justice                      Trial Attorney
                                                      Commercial Litigation Branch
                                                      Civil Division
                                                      Department of Justice
                                                      Washington, DC 20530
                                                      Email: jenna.e.munnelly@usdoj.gov
                                                      Telephone:     (202) 616-1061
                                                      Facsimile:     (202) 307-0345

Dated:  July 9, 2018